IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HILDA MARIE LUJAN, | § § § | |
| *Plaintiff,* | § § | SA-22-CV-00895-ESC |
| vs. | § § § | |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § § | |

**ORDER**

  This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#16].  By her motion, Plaintiff asks the Court to award attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action.  The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements.  *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988).  Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust.  *Id.*

  The record reflects that on January 17, 2023, the Court granted the Commissioner's unopposed motion to remand and issued a Final Judgment remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#14, #15].  The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.  *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff has requested fees in the amount of $7,770.00. In support of the instant motion, Plaintiff's counsel has submitted a statement regarding the time expended litigating this action. According to the statement, Plaintiff's attorney has spent a total of 39.8 hours on this case at a rate of $210.00 per hour. In an exercise of billing discretion, however, Plaintiff only seeks compensation for 37.0 of the hours expended on this action.

The Commissioner filed a response to the motion, indicating she does not oppose the requested total award of $7,770.00. The Court therefore finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion and order the requested award to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#16] is **GRANTED** as follows:

**IT IS HEREBY ORDERED** that Plaintiff is awarded **$7,770.00** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff and mailed to Plaintiff's counsel at his address of record.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

**IT IS FINALLY ORDERED** that Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

SIGNED this 9th day of February, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE